**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 01:40 PM April 5, 2016**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| MONROE L. BEACHY, | ) | CASE NO. 10-62857 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

Now before the court is the Amended Petition for Release of Unclaimed Funds filed by Abe O. Troyer. The court has jurisdiction of this case and matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. Venue in this district is appropriate under 11 U.S.C. § 1409.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTS

Debtor operated A & M Investments, an investment company located in Ohio's Amish community. His activities would later be described as an Amish Ponzi scheme. Abe O. Troyer and Katie Troyer were victims who invested funds with A & M Investments.

Debtor filed bankruptcy on June 30, 2010. On January 18, 2011, Mr. Troyer filed a

1

claim (#934-1) in Debtor's bankruptcy case for $11,824.71. Attached to the claim is a copy of a record from A & M Investments dated April 1, 2010 that shows the account was in the name "Abe and Katie Troyer." The claim amount corresponds to a "total investment" figure contained in the account statement. No objections to the claim were filed.

The chapter 7 trustee issued a check in the amount of $2,002.98 to Abe and Katie Troyer which was never negotiated, resulting in its deposit into the unclaimed funds registry. Abe Troyer now seeks to recover those funds. The issue for the court is that Mr. Troyer submitted a death certificate for Katie Troyer indicating she passed away in 2009, before the bankruptcy case and claim were filed.

## DISCUSSION

Section 347 of the bankruptcy code establishes a deadline and a procedure for a trustee under chapters 7, 12 and 13 to deposit uncashed checks into the court's unclaimed funds account. Recovery is governed by 28 U.S.C. § 2041, et seq. To aid in recovery, the Bankruptcy Court for the Northern District of Ohio adopted Local Bankruptcy Rule 3011-1. The standardized forms adopted therein allow a claimant to demonstrate his/her entitlement to unclaimed funds.

Mr. Troyer, individually, is attempting to recover funds held in the name of Abe and Katie Troyer jointly. Unfortunately, the record before the court does not establish his right to the entirety of the funds. Based on the present record, the court must conclude that the funds were held jointly, without right of survivorship, in equal shares, by Abe and Katie Troyer. Wright v. Bloom, 69 Ohio St.3d 596, 607 (Ohio Sup. Ct. 1994); Lewis v. KeyBank, 2003 WL 99621 (Ohio Ct. App. 6th Dist. 2003) (citing Vaughan v. Union Bank & Sav. Co. (In re Grieger), 172 B.R. 222, 225 (Bankr. N.D. Ohio 1994)); In re Lowe, 2003 WL 22966855 (Ohio Ct. App. 5th Dist. 2003). Consequently, Mr. Troyer is entitled to, at most, half, while the estate of Mrs. Troyer is entitled to the remaining half, and the court cannot release the claim solely to Mr. Troyer.

Mr. Troyer may be entitled to the funds based on proof that he is Mrs. Troyer's legal heir. Generally this requires proof from a probate court or a will, and papers from a probate court would control. Alternatively, if Mr. Troyer could show that the funds were held jointly with a right of survivorship, or overcome the presumption that the joint funds were held in equal shares, or demonstrate that he is entitled to the funds under Ohio's statute of descent and distribution, O.R.C. § 2105.06, he may be entitled to the entire claim.

Under this backdrop, the court finds that Mr. Troyer has three alternatives for pursuing recovery of the funds. First, he can retain an attorney who understands this matter to represent him. Second, Mr. Troyer can contact the court and arrange a time to appear in court and testify on these matters, which will involve answering questions similar to those presented in Exhibit A. Third, Mr. Troyer can complete Exhibit A and file it with the court. Based on his answers, the court will determine if it can release the funds to Mr. Troyer without additional action.

The court will also issue an order in conjunction with this opinion.

# # #

**Service List:**

Abe O. Troyer
31353 SR 643
Fresno, OH   43824

Anne Piero Silagy, Esq
1225 South Main St
Suite 1
North Canton, OH 44720

United States Trustee
Office of the U.S. Trustee
H.M. Metzenbaum U.S. Courthouse
201 Superior Ave.
Suite 441
Cleveland, OH 44114

3

10-62857-rk    Doc 1017    FILED 04/05/16    ENTERED 04/05/16 14:35:17    Page 3 of 7

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| MONROE L. BEACHY, | ) | CASE NO. 10-62857 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |

# AFFIDAVIT OF ABE O. TROYER

State of Ohio
County of _____, ss:

Before me, the undersigned notary, personally came Abe O. Troyer, who being duly sworn or affirmed by me according to law, deposes and says:

1. My late wife, Katie Troyer,   DID   DID NOT   (circle one) have a will.

   If Katie Troyer did have a will, I will provide a copy of it to the court when I file this affidavit.

2. A probate estate   WAS   WAS NOT   (circle one) opened for Katie Troyer following her death.

   If an estate was opened, I will provide a copy of the will and the letters of appointment filed with the probate court to the bankruptcy court when I filed this affidavit.

3. The funds deposited into the A & M Investment account funds   WERE   WERE NOT (circle one) solely earned by Abe O. Troyer.

4. The funds deposited into the A & M Investment account DID INCLUDE   DID NOT INCLUDE   (circle one) any personal earnings, income, or other money of Katie Troyer.

5. Please briefly describe the source of the funds deposited into the A & M Investment account. _____
_____
_____
_____

6. I   DO    DO NOT   (circle one) have any documentation from A & M Investments or Monroe Beachy that shows that the account was joint with a right of survivorship.

   I will provide any documentation I have from A & M Investments or Monroe Beachy that describes whether the account was joint or joint with right of survivorship to the court when I file this affidavit.

7. I married Katie Troyer on _____ (date of marriage). We were married for _____ years.

8. To the best of my knowledge, Katie Troyer had _____ (number) of biological or adopted children. _____ (number) of these children are also my biological or adopted children.

9. When she died, _____ (number) of Katie Troyer's biological and adopted children were living. When she died, _____ (number) of children were under the age of eighteen (18) years of age.

10. Please provide any additional information that may be relevant to the above questions:
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____

Further affiant says naught.

Signature of affiant:

_____
Abe O. Troyer
Address:   _____
           _____

6

Subscribed and sworn or affirmed to before me, _____, on this _____ day of _____, 2016.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES: _____

10-62857-rk    Doc 1017    FILED 04/05/16    ENTERED 04/05/16 14:35:17    Page 7 of 7